SAMUEL BER GINSBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginsberg v. Commissioner
Docket No. 27117-83.
United States Tax Court
T.C. Memo 1987-55; 1987 Tax Ct. Memo LEXIS 51; 52 T.C.M. (CCH) 1509; T.C.M. (RIA) 87055; January 26, 1987. Russell K. Stewart, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined deficiencies for taxable year 1973 in the amount of $7,051, for taxable year 1974 in the amount of $13,964 and for taxable year 1975 in the amount of $29,680. Additionally, respondent determined additions to tax for fraud under section 6653(b) [1] for taxable year 1973 in the amount of $3,525, for taxable year 1974 in the amount of $6,982 and for taxable year 1975 in the amount of $14,840. This case was set for trial in Philadelphia, Pennsylvania on December 8, 1986 by notice to the parties on July 8, 1986. *52 This case was called pursuant to the call of the calendar on December 8, 1986 and petitioner failed to appear. This case was set for trial at 1:00 p.m. on December 9, 1986 and petitioner again failed to appear. Counsel for respondent stated on the record that he was in contact with petitioner and that petitioner had received the Notice of Trial and was aware of the fact that the case would be called for trial on December 8, 1986. The issues to be decided in this case are (1) whether there is a deficiency in the amount determined by respondent and (2) whether petitioner is liable for an addition to tax for fraud under section 6653(b). On August 21, 1986, respondent filed with this Court and mailed to petitioner a Request for Admissions pursuant to Rule 90 at petitioner's address at 410 Conshohocken State Road in Bala Cynwyd, Pennsylvania 19004 where petitioner resided when his petition was filed. Respondent requested petitioner to admit the following facts: Samuel Ber Ginsberg (hereinafter referred to as "Ginsberg" or "petitioner") did not file a Federal income tax return (Form 1040) for the years 1968 through 1975, inclusive. Ginsberg was self-employed during the calendar *53 years 1973 through 1975, inclusive. Ginsberg was also an area management broker associated with the United States Housing and Urban Development Department (hereinafter "HUD") during the years 1973 through 1975, inclusive. Ginsberg operated a real estate agency from 1960 through 1975 under the name of Sherwood Realty Co. Ginsberg was married during the years 1973 through 1975. Ginsberg owned and operated 42 rental properties during the years 1973 through 1975, inclusive, in addition to his responsibilities as an area management broker for HUD-owned single family dwellings and multi-family projects. Ginsberg also traded as SBG Realty Services during 1975. Ginsberg also prepared Federal income tax returns for others during the years 1968 through 1977 inclusive. Ginsberg maintained four trustee checking accounts for HUD during the years 1973 through 1977. Ginsberg hired employees to maintain HUD-owned real estate during the years 1973 through 1977. Ginsberg had net profit from self-employment during the years 1973 through 1975 in the amounts of $6,469.00, $27,312.00 and $55,847.00, respectively. Ginsberg owned jointly with Bernard Krik real estate during the years 1973 *54 through 1975 and petitioner realized a net rental income of $4,621.00, $6,998.00 and $7,282.00 in said years respectively. During the year 1974 Ginsberg sold solely owned real property at 631 South 60th Street, Philadelphia, Pennsylvania, within twenty-nine days after its purchase for a gain of $2,460.00. During the years 1974 and 1975, petitioner sold various real estate he owned jointly with Bernard Krik or others. During 1975 Ginsberg and Krik sold the following parcels of real estate located in Philadelphia, Pennsylvania, within 40 days of their purchase and realized the gain from each sale as indicated: Address
Gain
a. 5649 Springfield
$200.00
b. 5332 Yocum
800.00
c. 5617 Angora Terr.
550.00
d. 1214 S. Edgewood
800.00
e. 5017 Beaumont
1,150.00
f. 18 S. Dewey
300.00
g. 1659 S. 55th Street
350.00
h. 5619 Osage
600.00
i. 5802 Osage
200.00
j. 636 Yedall
700.00
k. 1941 N. 52nd Street
2,000.00
l. 6245 Addison
2,300.00
m. 1620 N. 61st Street
200.00
n. 2125 S. 57th Street
150.00
$10,300.00
The gains from the sale of the above properties were divided equally by Ginsberg and Krik. In 1973, Ginsberg sold real estate *55 he owned individually for more than one year located in Philadelphia, Pennsylvania, as shown below and realized capital gains as indicated. Address
Capital Gains
a. 5745 Cherry
$3,046
b.1629 Swain
600
c. 4535 Merion
3,200
d. 2537 N. Franklin
1,587
e. 3107 N. Page
1,203
f. 2906 N. Leithgow
3,120
g. 2974 N. Leithgow
3,120
h. 2446 N. Corlies
3,050
i. 3144 W. Arizona
3,050
j. 2139 N. Dover
3,050
k. 2017 N. Randolph
1,333
l. 2520 N. Randolph
1,333
Ginsberg realized income of $526.00 from Improved Savings Bank when the bank accepted as full payment of a debt, a payment of $1,500.00 on June 3, 1974 when the balance due on the debt was $2,026.00. Petitioner failed to respond to respondent's Request for Admissions. At the trial, the Special Agent of the Internal Revenue Service who investigated this case testified that petitioner made misleading and false statements to the agent, that petitioner concealed from the agent the ownership by petitioner of certain properties and that petitioner obstructed the investigation. Rule 90(c) provides that the matters contained in the request are deemed admitted unless answered or an objection *56 is filed by the party upon whom the request is served. Rule 90(f) provides that any matter admitted under this rule is conclusively established. Petitioner having failed to respond or object to respondent's requests, the facts set forth in the Request for Admissions are conclusively established. Respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment of tax, and that some part of this underpayment is due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to conceal, mislead or otherwise prevent the collection of such taxes. . Fraud is a factual question to be determined upon consideration of the entire record. , affd. without published opinion . Fraud is never presumed. Beaver b. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish *57 the fraudulent intent. . Respondent may rely on deemed admissions to satisfy his burden of proof with regard to fraud. ; , affd. . The deemed admissions establish that there was an underpayment of tax for taxable years 1973, 1974 and 1975. However, the burden of proving that the underpayment of tax is due to fraud cannot be met solely by the fact that petitioner did not file a federal income tax return for the years in issue. In the Third Circuit Court of Appeals (the circuit to which an appeal in this case would lie) stated that the wilful failure to file a timely return does not in itself and without more establish liability for a fraud addition, though it may be relevant in that connection. See . The deemed admissions standing alone do not conclusively establish that petitioner intended to defraud the U. *58 S. Government of petitioner's taxes. But respondent has carried the burden of proving that the underpayment was due to fraud through the uncontradicted testimony of the Special Agent. Petitioner made misleading and false statements to the agent which is an indication of fraud. . Petitioner concealed his ownership of certain properties which is also an indication of fraud. . Further, petitioner obstructed the investigation, failed to respond to the Request for Admissions and failed to appear at the trial of this case, all of which actions indicate fraud. Petitioner's failure to cooperate in the resolution of the case indicated a deliberate effort to conceal the true facts concerning petitioner's tax liability. [2]
Based on the foregoing, respondent has established the underpayment of tax for the years in issue and that the underpayment was due to fraud with the intent to evade taxes. Therefore, a decision will be entered for the respondent. Decision will *59 be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See .↩